THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAL KAPLAN, Defendant-Appellant.

(No. 55706; )

First District—August 11, 1972.

Frederick F. Cohn, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from an order denying his petition to vacate the order of October 5, 1970, revoking probation and sentencing defendant to one to three years in the penitentiary.

On April 17, 1968, defendant pleaded guilty in the Criminal Division to a charge of aggravated battery and received five years' probation. On May 28, 1970, he pleaded guilty in the Municipal Division to charges of battery and resisting arrest and was placed on three years' probation with the first 90 days in the House of Correction.

On August 12, 1970, the probation department applied for a rule to show cause why probation should not be revoked in the original aggravated battery case. The accompanying report alleged the circumstances leading to the arrest of defendant for battery and the subsequent offense of resisting arrest. On October 5, 1970, the court revoked probation and sentenced defendant.

Thereafter, on October 26, 1971, defendant filed a petition in the Criminal Division to vacate the order of revocation alleging that on October 18, 1971, the judge in the Municipal Division had set aside his judgments of guilty on the battery and resisting arrest charges and allowed defendant to withdraw his plea of guilty. The petition further stated that since the revocation of probation was based solely on defendant's admission that he had been convicted on a plea of guilty to the charges in the Municipal Division, the vacatur of those judgments entitled him to have the revocation set aside.

During the hearing, defense counsel advised the court that defendant had pleaded guilty in the Municipal Division on the promise that his conviction would not be used as basis for revocation of his prior proba-

tion; that since that promise was broken, the trial judge without objection by the State had properly vacated the convictions.

The court denied the petition to vacate defendant's sentence on November 17, 1971, and defendant appealed.

■■ In *People v. Haycraft*, 76 Ill.App.2d 149, 153, 221 N.E.2d 317, the court held:

"It is utterly inconsistent to permit a defendant to withdraw his guilty plea and then allow it, even inferentially, to be used against him. Once an accused has been permitted to withdraw his plea of guilty, he is entitled to all the privileges and presumptions that the law affords, including the presumption of innocence."

In *People v. Sims*, 32 Ill.2d 591, 208 N.E.2d 569, the court held that probation could not be revoked solely on the basis of a conviction under a statute which is found to be unconstitutional. The court reversed with directions to determine whether there was an alternate basis for revoking the probation.

■■ In the instant case probation was revoked on the sole ground that defendant had been convicted of criminal offenses. No testimony was produced as to the facts of the alleged crimes. The vacatur in the Municipal Division of the convictions and the withdrawal of the guilty pleas vitiated the basis of the revocation order. Therefore, the order of November 17, 1971, denying the petition to vacate the revocation order and sentence is reversed and the cause remanded with directions to vacate the order of October 5, 1970, revoking probation and sentencing defendant, and for an evidentiary hearing in the Criminal Division on the rule to show cause previously issued to determine whether the facts support the charges therein set forth and whether probation should or should not be revoked.

Order of November 17, 1971, reversed and cause remanded with directions.

LORENZ, P. J., and ENGLISH, J., concur.