THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESTER BAIN *et al.,* Defendants-Appellants.

(No. 71-228; )

Fifth District—March 16, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Edith James, of counsel), for appellants.

Frank H. Walker, State's Attorney, of Mt. Vernon, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the Circuit Court of Jefferson County defendants, Lester Bain and Bradley Atchison, were convicted of armed robbery and each of them was sentenced to the penitentiary for a term of not less than three nor more than five years. Both defendants had previously pled guilty to the same charge and had received the same sentence, but after a post-conviction proceeding they had been allowed to withdraw their pleas and substitute pleas of not guilty. The present trial followed, and Charles Dismore, who had been indicted and who had pled guilty originally with defendants, was a principal witness against them. The main contention in this appeal is that the trial court committed reversible error in refusing to grant a mistrial when in cross-examination of a State witness defendants' previous guilty pleas were revealed to the jury.

Defendants did not testify. Their defense was based on the theory that the testimony of their alleged accomplice was unworthy of belief, and that the complaining witness could not identify them with certainty either prior to or at the trial. On cross-examination this latter witness admitted that subsequent to the robbery he was never asked to view the defendants, but, he stated, he had identified them from a group of pictures presented to him by the police. He was then asked, "Did you ever identify them by their face?" His answer was "Yes, when they stood, and pled guilty to the same deal here."

Defense counsel immediately objected and moved for a mistrial. The trial court denied the motion without discussion, other than a direction to the witness to the responsive to the questions and not to volunteer anything. At the close of the State's evidence the motion was renewed. The State argued that the jury may not have heard the answer. However the court stated that in his opinion the jury was attentive and probably heard the answer, and that it could have been prejudicial to the cause of defendants, but because the answer was made to a question by defense counsel he would let it stand.

The propriety and prejudicial effect of revealing to a jury a withdrawn guilty plea, however it might arise, is the subject of an annotation in 86 ALR2d 326. It is there stated that in some jurisdictions the plea may be shown as an admission against interest or as a fact inconsistent with defendant's claim of innocence. In other jurisdictions it has been held wholly inadmissible and that the error in admitting such evidence is fatal, regardless of defective objections or even a failure to object. Further the error cannot be cured by judicial admonitions, or instructions to the jury to disregard it; and the sufficiency of other evidence to support a conviction is immaterial so that a new trial is mandatory.

■■■ There appears to be only one case in Illinois on the subject, and it aligns itself with those jurisdictions last mentioned above. (*People v. Haycraft*, 76 Ill.App.2d 149.) In that case it was held reversible error when on cross-examination in a robbery case a probation officer very briefly revealed that the accused had previously pled guilty to the charge for which he was on trial. The court stated that even though the statement was promptly stricken and the jury was directed to disregard the testimony, irreparable damage had already been done and the accused could not thereafter receive a fair trial as guaranteed by the federal and state constitutions. The court cited a number of cases in support of its holding to the effect that it is utterly inconsistent to permit a defendant to withdraw his guilty plea and then allow it, even inferentially, to be used against him. Once an accused has been permitted to withdraw his plea he is entitled to all the privileges and presumptions that the law

affords, including the presumption of innocence. See *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed.1009; *People v. Street*, 288 Mich. 406, 284 NW 926.

■■ We agree with this reasoning, and paraphrasing the language of the court in *Haycraft*, we too find it difficult to conceive a disclosure more apt to influence a jury; nor can we think of anything more damaging to an accused in the minds of the jury than to reveal, however briefly or inadvertently, that he at some previous time had admitted his guilt to the very crime for which he was being tried. It would be extremely difficult, if not impossible, for an average juror to contemplate that a man would ever have admitted guilt to a crime if in fact he were not guilty. Here the trial court expressly recognized the prejudicial effect that the revelation of the previous guilty pleas would have on the jury, but he endeavored to justify his ruling on the grounds that the statement of the witness was elicited by a question from defense counsel. We cannot agree. The question was not asked purposely, to cause a mistrial. Rather it was an inadvertence on the part of the witness without fault attributable to anyone. The fact remains that the former guilty pleas were revealed to the jury and at that point, as stated in *Haycraft*, the damage was irreparable. To proceed further could only result in a denial of defendant's right to a fair trial.

We, therefore, find that the denial of defendants' motion for a mistrial constituted reversible error, and the judgment of the Circuit Court of Jefferson County is reversed and the cause remanded for a new trial.

Reversed and remanded.

EBERSPACHER, P. J., and G. MORAN, J., concur.