THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLIE JOE GLIDEWELL, Defendant-Appellant.

(No. 11731;

Fourth District—February 27, 1974.

Paul Bradley, Deputy Defender, of Chicago, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Michael Prall, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals judgments of conviction upon jury verdicts finding him guilty of burglary and unlawful use of weapons. Sentence of 9 to 27 years was imposed for burglary, and 1 year for unlawful use of weapons.

Defendant made a detailed confession of the facts of the burglary. A motion to suppress the confession was denied. Upon appeal no claim of error in the taking of the confession was made. After its motion for a directed verdict, the defendant presented no evidence before resting.

The transcript of the confession contained a colloquy between the State's Attorney and the defendant in the presence of his attorney. It discloses that there were "two discussions"—one concerning the making of the confession and one concerning a sentence recommendation to be

made by the State's Attorney if a plea of guilty was entered. Upon the motion of the prosecution to read the statement into evidence, defendant's counsel stated, "We merely object to its admission into evidence". The statement was read into evidence, including the several references which may be characterized as "plea negotiations".

The issue is whether the conviction must be reversed by reason of the references to plea negotiations which were read as a part of the reading of the details of the confession.

Supreme Court Rule 402(f) provides that if a plea discussion does not result in a plea of guilty, or if such plea is not accepted or is withdrawn:

> "[N]either the plea discussion nor any resulting agreement, plea or judgment shall be admissible against the defendant in any criminal proceeding."

The Rule, effective in September, 1970, had not been promulgated either at the time of the taking of the confession or at the time the case was set for trial. Defendant failed to appear and his bond was forfeited. The Rule was in effect at the time defendant was returned for trial in September, 1971.

Prior to the adoption of the said Rule, it has been held to be reversible error to permit the introduction of evidence that defendant had previously entered a guilty plea which had been withdrawn. *People v. Bain,* 10 Ill.App.3d 909, 295 N.E.2d 295; *People v. Kaplan,* 7 Ill.App.3d 155, 287 N.E.2d 246, and *People v. Haycraft,* 76 Ill.App.2d 149, 221 N.E.2d 317.

In *People v. Steptore,* 51 Ill.2d 208, 281 N.E.2d 642, the prosecution undertook to impeach the testimony of defendant's sister through cross-examination concerning her alleged efforts to negotiate the terms for a plea of guilty by the defendant. It was held to be error so prejudicial as to require reversal. The opinion cited Supreme Court Rule 402(f) in reviewing a conviction obtained in 1969.

Upon such authority the conviction here is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

CRAVEN, P. J., and SIMKINS, J., concur.