**STATE of Iowa, Appellee,**

v.

**DeWayne Allen JONES, Appellant.**

**No. 59219.**

Supreme Court of Iowa.

Nov. 17, 1976.

Shea, Jackson & Irvine, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Lee M. Jackwig, Asst. Atty. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves our statute requiring corroboration of accomplices, § 782.5, Code 1975.

I. The trial court thought that the evidence did not show the alleged accomplices were in fact such. A jury could certainly find that they were not; the jury did not have to accept the evidence indicating that they were. But upon viewing the evidence in its most favorable light to the contention that the individuals were accomplices, we think a jury could reasonably find that they were.

The jury could find that Terrance Stinglen, Russell Megonigle, Mark Loftus, defendant DeWayne Allen Jones, and a man named Rusty were at Stinglen's home drinking beer. They were figuring out what they were going to do. They had little money. Defendant telephoned one Knappe and unsuccessfully requested payment of money Knappe allegedly owed defendant for a tape deck. Stinglen, Megonigle, and Loftus then drove to Knappe's house and parked in the drive behind Knappe's car, which contained a different tape player and some tapes. Soon after, defendant and Rusty appeared at the scene in Rusty's car.

Rusty took a bent coat hanger, opened Knappe's car with it, removed the tape player and tapes, and with defendant's assistance placed them in his own car. The five men left the scene.

Subsequently Stinglen, Megonigle, Loftus, and defendant appeared at the house of one David Holtz. They or someone among them had a quantity of the tapes taken from Knappe's car. Holtz bought two boxes of the tapes and paid either Megonigle or Loftus, he did not know which. In answer to the question at trial, "Was DeWayne Jones [defendant] in on the discussion with you concerning your purchasing some of these tapes?", Holtz testified, "No, I don't think so. He was just with the guys. I didn't talk to him about them, I don't think."

Still later the police seized the tapes Holtz bought.

This particular case involves a larceny charge against defendant Jones for stealing the tape player and tapes. The court gave the uniform aiding and abetting instruction, and the jury found defendant guilty. See § 688.1, Code 1975.

At trial the court delivered its jury instructions to counsel and called for exceptions. Defense counsel invited the court's attention to a matter not involved in this appeal and then stated, "In addition I don't see an accomplice instruction present here. I would think that based on the facts as presented that the jury might believe especially in light of the fact that money was actually transferred to a Mark Loftus and Russ Megonigle who were present at the scene of the occurrence, the jury could find they would be an accomplice to this crime; and Russ Megonigle testified such that his testimony wouldn't even be corroborated, and we would request that an instruction on the relationship of an accomplice in [and?] corroboration be given." The court overruled the request.

■ This statement by defense counsel, coming as it did in response to the court's calling for exceptions and followed as it was by the court's overruling the request, preserved the claimed error; and the statement adequately alerted the court to defendant's desire to have the accomplice matter submitted to the jury. See *State v. Baskin,* 220 N.W.2d 882 (Iowa).

The question is whether Loftus and Megonigle (and Stinglen too, for that matter) "could be charged with and convicted of the specific offense for which an accused [was] on trial." *State v. Jennings,* 195 N.W.2d 351, 356 (Iowa). We think they could. Here we have five men, without much money, sitting around figuring out what they are going to do. One calls an alleged debtor, Knappe, without success. The five men in two vehicles then drive to Knappe's house, where one of them, Rusty, with defendant's help, takes a tape player and tapes from Knappe's car to Rusty's car.

If the case ended there the State might be right that only Rusty and defendant were implicated in the theft and that the other three were not involved—a point we do not decide.

But the case does not end there. At some point Rusty leaves the group, and defendant and the other three subsequently go to Holtz, who buys some of the loot. Why, if they were not involved, did the three make this second trip? To cap off the matter, Holtz does not testify that he paid defendant for the tapes. He pays Megonigle or Loftus. The payment to Megonigle or Loftus is not significant as evidence that Holtz paid one or the other of *them* the money; it is significant as evidence that Holtz did not pay *defendant* the money. Why would not *defendant* have dealt with Holtz and taken the money if only defendant and Rusty were involved?

We think that under our statute and cases, the evidence in its most favorable light would support a larceny conviction of all five of the men, Stinglen, Megonigle, Loftus, defendant, and Rusty. Code 1975, § 688.1; *State v. Still,* 244 N.W.2d 805 (Iowa); *State v. Willman,* 244 N.W.2d 314 (Iowa); *State v. Fryer,* 243 N.W.2d 1 (Iowa); *State v. Lewis,* 229 N.W.2d 234 (Iowa); *State v. Marsan,* 221 N.W.2d 278, 280 (Iowa) ("Participation [in an offense] may be inferred by presence, companionship, and conduct before and after the offense is committed."); *State v. Horrell,* 260 Iowa 945, 151 N.W.2d 526; *State v. Miller,* 259 Iowa 188, 142 N.W.2d 394; *State v. Russell,* 245 Iowa 1190, 66 N.W.2d 35. Hence the jury could have found that Loftus and Megonigle were accomplices.

The court erred in failing to give an instruction on corroboration. Defendant is entitled to another trial.

II. Defendant also contends that a notice of additional testimony was insufficient. The State will have time to serve a new notice before retrial. Hence we do not rule on this contention by defendant.

REVERSED.