STATE of Iowa, Appellee,

v.

DeWayne Allen JONES, Appellant.

No. 59220.

Supreme Court of Iowa.

Nov. 17, 1976.

Shea, Jackson & Irvine, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Lee M. Jackwig, Asst. Atty. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves revocation of probation and imposition of judgment and sentence following a deferred sentence on a robbery charge. See § 789A.1, Code 1973.

Defendant DeWayne Allen Jones received probation and a deferred sentence on a robbery charge. Subsequently a probation officer reported several violations of the terms of probation, including larceny in another incident. In the present proceeding involving the robbery charge the county attorney applied for revocation of probation and imposition of judgment and sentence. The district court set the application for hearing. Meantime in another prosecution defendant was convicted of the larceny alleged in the application.

At the revocation hearing, the State established the larceny *conviction,* but offered no proof of the larceny itself or of the other grounds of the application. The district court revoked probation, adjudged defendant guilty of robbery, and imposed sentence.

Defendant then appealed the larceny conviction. That is our Appeal No. 59219.

Next defendant appealed the revocation and imposition of judgment and sentence on the robbery charge—our present Appeal No. 59220. The ground of this appeal is that imposition of the robbery judgment was bottomed on the larceny conviction, but defendant appealed that conviction.

We then consolidated Appeals 59219 and 59220 for submission. Today in No. 59219 we reversed the larceny conviction and ordered a new trial. *State v. Jones,* 247 N.W.2d 733 (Iowa). This means that the foundation employed by the State for the revocation in the robbery case is gone. No *conviction* of larceny now exists. We therefore now reverse the revocation, judgment, and sentence in the robbery case.

The present reversal is without prejudice to another hearing in district court on the application for revocation of probation and imposition of judgment and sentence—upon the application in its original form or as it may be amended. In that connection see

*State v. Hughes,* 200 N.W.2d 559 (Iowa); *People v. Kaplan,* 7 Ill.App.3d 155, 287 N.E.2d 246.

REVERSED.