# Illinois Official Reports

## Appellate Court

---

### *People v. Harris*, 2020 IL App (5th) 170158

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN L. HARRIS, Defendant-Appellant. |
| District & No. | Fifth District<br>No. 5-17-0158 |
| Filed | February 25, 2020 |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 13-CF-55; the Hon. Zina R. Cruse, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Ellen J. Curry, and Christina M. O'Connor, of State Appellate Defender's Office, of Mt. Vernon, for appellant.<br><br>James A. Gomric, State's Attorney, of Belleville (Patrick Delfino, Patrick D. Daly, and Valerie A. Ozment, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE MOORE delivered the judgment of the court, with opinion.<br>Justices Cates and Barberis concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, John L. Harris, appeals his conviction and sentence for first degree murder, alleging that the trial court's reinstatement of his vacated guilty plea violated his constitutional rights. For the following reasons, we affirm.

## I. BACKGROUND

¶ 2

¶ 3    The facts necessary to our disposition of this direct appeal follow. On October 28, 2015, the defendant appeared in court and entered a fully negotiated plea of guilty to a charge of first degree murder contained in a criminal information, filed that day, that superseded a previous criminal indictment for the same offense. The State explained that "under the original indictment, had the defendant either pled guilty or been found guilty of both first degree murder, as well as the firearm enhancement" that was present, because the defendant committed the murder by shooting the victim in the back with a gun, the defendant faced "45 years to natural life at 100 percent truth-in-sentencing." Under the new charge—which no longer alleged the murder had been committed with a gun, and thus eliminated the firearm enhancement—the defendant faced "a range of 20 to 60 years at 100 percent truth-in-sentencing, followed by 3 years of mandatory supervised release." The State further explained that in exchange for the plea, the defendant would serve 25 years in prison, at 100%, followed by 3 years of mandatory supervised release. The State noted that the mother of the victim was present and supported the plea agreement. The defendant was thoroughly admonished as to the voluntariness of his plea, a factual basis was presented, and the trial court accepted the plea agreement and, after reviewing the defendant's criminal history, sentenced the defendant in accordance with the plea agreement. The trial court then thoroughly admonished the defendant as to his appellate rights and the procedures for invoking those rights.

¶ 4    On November 20, 2015, the defendant filed a timely *pro se* motion to withdraw his guilty plea. Therein, he contended his plea counsel was ineffective and that he was coerced into accepting the guilty plea. He requested that a hearing be held on the motion to withdraw, although he did not specifically request that he be allowed to withdraw his plea. He also did not request, anywhere in his *pro se* motion, to be allowed to plead anew or to proceed to trial. On March 14, 2016, a hearing was held on the defendant's *pro se* motion. Thereafter, the trial court took the motion under advisement. On April 22, 2016, the trial court entered an order granting the defendant's motion to withdraw his guilty plea. On May 11, 2016, the State filed a motion to reconsider. Therein, the State contended, *inter alia*, that the March 14, 2016, hearing was, in essence, "a preliminary *Krankel* inquiry into the factual basis for the allegations" of ineffective assistance of plea counsel and that, under existing case law, the State was not permitted to provide "any meaningful input" during such an inquiry. The State further contended that because the State could not provide any meaningful input at the March 14, 2016, hearing, the trial court should not have granted the defendant's motion to withdraw his guilty plea without first conducting an evidentiary hearing at which the State could participate. The State posited that because there was no evidentiary hearing on the defendant's motion, the trial court's ruling came "after hearing only the uncorroborated allegations of the defendant without benefit of arguments from the [State] or testimony under oath from either the defendant or the defendant's two" plea counsel. The State therefore requested that the trial court vacate

its order granting the defendant's motion to withdraw his guilty plea, appoint new counsel for the defendant, and hold an evidentiary hearing on the defendant's motion.

¶ 5    On May 17, 2016, the trial court entered an order in which it appointed new counsel for the defendant to represent the defendant on his *pro se* motion to withdraw his guilty plea. The order set a hearing for June 27, 2016, on the State's motion to reconsider. That hearing date was continued, and on July 15, 2016, the defendant's new counsel filed a response to the State's motion to reconsider. Therein, counsel contended that because the defendant's motion to withdraw his guilty plea had been granted, the defendant was "currently presumed innocent" and that therefore "[t]he relief requested by the [State] cannot be granted as it would deny the [d]efendant his due process rights." Counsel further asserted that a defendant "presumed innocent must either voluntarily enter a plea change or be given trial."

¶ 6    On July 20, 2016, the trial court held a hearing on the motion to reconsider. The parties presented argument in accordance with the positions each party took in its written motion, with the State adding argument—in response to the defendant's previous written response—to the effect that the trial court had the inherent authority to "reconsider and correct" its own previous rulings, which allowed it to reconsider its decision to grant—without first conducting an evidentiary hearing—the defendant's motion to withdraw his guilty plea. At the conclusion of the hearing, the trial court took the matter under advisement.

¶ 7    On September 16, 2016, the trial court entered an order in which it stated that its previous ruling, in which it granted the defendant's motion to withdraw his guilty plea, "was premature and is hereby set aside." It then stated that, "[b]ased on the initial inquiry of the [d]efendant and the court's own recollection of the facts surrounding his plea, there is a *prima facie* basis for his claim of ineffective assistance of counsel." It therefore set the case for a hearing on the defendant's "claim of ineffective assistance of counsel." On September 20, 2016, the trial court entered an order in which it stated that because it had set aside its order that granted the defendant's motion to withdraw his guilty plea, "[t]herefore, the sentence of [October 28, 2015,] is reinstated—said sentence is stayed until further order; [d]efendant to remain in the custody of the St. Clair [C]ounty jail."

¶ 8    Thereafter, on February 22, 2017, the defendant's counsel filed a new motion to withdraw guilty plea, wherein he contended the defendant's guilty plea was not voluntary because the defendant

> "had ineffective assistance of counsel, *** had a breakdown of communication with his attorneys, *** was not given the time to fully review the discovery, *** [and] did not understand the nature of the charges against him in that he did not understand the percentage of time he would need to serve."

Counsel added that the defendant had "a defense worthy of consideration and wants to proceed to a trial."

¶ 9    A hearing on the new motion was held on March 21, 2017. The trial court announced that it would "proceed on the ineffective assistance of counsel claim, and then *** proceed on the motion to withdraw the plea of guilty." It asked both attorneys if that was a "satisfactory" way to proceed, and both attorneys stated that it was. Thereafter, three witnesses testified: both of the defendant's two plea attorneys and the defendant. Because the testimony of these witnesses is not relevant to the issue raised by the defendant on appeal, we need not discuss it in detail, other than to state that the trial court was correct when—in the order it issued on March 22, 2017—it ruled "that there is no evidence to support [the defendant's claims] of ineffective

assistance of counsel." The trial court also ruled in its March 22, 2017, order that the defendant's guilty plea was entered into "knowingly, understandingly, and voluntarily." On April 17, 2017, the trial court entered an order in which it stated "that pursuant to the [c]ourt's [o]rder dated March 22, 2017, denying the defendant's [m]otion to [w]ithdraw [p]lea of [g]uilty filed on February 22, 2017, the defendant is hereby remanded back to the custody of the Illinois Department of Corrections." This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, the defendant does not contend the trial court erred when it denied his motion to withdraw his guilty plea. Accordingly, the defendant has forfeited consideration of that claim. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing). However, because the trial court was correct in its ruling that there is no evidence to support the claims of ineffective assistance of plea counsel that formed the basis of the defendant's motion to withdraw his guilty plea, any attempt by the defendant's counsel on appeal to raise such a claim would have been without merit. Thus, the defendant has not been prejudiced in any way by this forfeiture.

¶ 12        The defendant's sole contention on appeal is that the trial court's reinstatement of his vacated guilty plea violated his constitutional rights. Specifically, he argues that after his plea was vacated, he "was never allowed to reenter a plea, or take his case to trial" but was instead "forced *** back into the original guilty plea, without [his] consent," which in turn deprived him of his right to compel the State to prove him guilty beyond a reasonable doubt at trial. He contends that "a trial court cannot strip a defendant of his constitutional rights by reconsidering a granted motion to withdraw [a guilty plea] when the defendant is presumed innocent and wishes to persist in that presumption." In support of this argument, the defendant points to *People v. Bain*, 10 Ill. App. 3d 909 (1973), for the general proposition that if a defendant is permitted to withdraw the defendant's guilty plea, all of the defendant's constitutional rights reattach, including the presumption of innocence. He also contends that pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), once his motion to withdraw his guilty plea was granted, the trial court was required to allow him to enter a new plea, which it did not. As a result, the defendant contends, he "was presumed innocent for almost five months before the trial court forcibly reinstated his guilty plea."

¶ 13        The State takes the position that the trial court had no choice but to reinstate the defendant's guilty plea—because, according to the State, the trial court "did not have the authority" to vacate the plea in the first place and its action in doing so was "premature"—and that as a result, the cases cited by the defendant are irrelevant and there was no error. The State also contends that Rule 604(d) does not dictate a different result and has never been used to undermine the inherent authority of a trial court to reconsider or correct a ruling.

¶ 14        In his reply brief, the defendant contends there is no merit to the State's assertion that the trial court did not have the authority to vacate the defendant's guilty plea in the first place merely because it subsequently concluded that its action in doing so was "premature." The defendant argues that the trial court's initial action was legitimate and reiterates his position that once a guilty plea properly has been vacated, it cannot be reinstated without first giving the defendant the right to enter a new plea agreement or to go to trial. The defendant also

belatedly raises, for the first time, an argument with regard to Illinois Supreme Court Rule 605(c)(3) (eff. Oct. 1, 2001), contending that it, like Rule 604(d), required the trial court to allow the defendant to immediately plead anew or go to trial. The defendant asks this court to "hold that once a trial court grants a timely[ ]filed motion to withdraw guilty plea, a defendant's fundamental constitutional rights reattach and the trial court cannot reconsider that decision."

¶ 15     It is true, as the defendant contends, that the State is incorrect in its assertion that the trial court "did not have the authority" to vacate the plea in the first place. The State points to no legal authority for the proposition that the trial court exceeded its authority, or jurisdiction, by granting the motion, even if the court later considered the granting to be "premature" and therefore a mistake. Moreover, we do not disagree with the general proposition in *Bain*, 10 Ill. App. 3d 909, that if a defendant is permitted to withdraw the defendant's guilty plea, all of the defendant's constitutional rights reattach, including the presumption of innocence. The problem for the defendant is that this general proposition was stated in the context of determining "[t]he propriety and prejudicial effect of revealing to a jury a withdrawn guilty plea." *Id.* at 910. The *Bain* court adopted the position of other courts "that it is utterly inconsistent to permit a defendant to withdraw [a] guilty plea and then allow it, even inferentially, to be used against" the defendant. *Id.* The court concluded that if a withdrawn guilty plea in a case is later revealed to the jury deciding the defendant's guilt in that same case, the damage is "irreparable," and the defendant must be given a new trial. *Id.* at 911. The court was not asked to consider, and did not consider, the questions of (1) a trial court's authority to reconsider or correct a ruling granting a motion to withdraw a guilty plea and (2) the exact point at which, after a motion to withdraw a guilty plea has been granted, a defendant's constitutional rights reattach, including the presumption of innocence. Thus, *Bain* sheds no light on the situation in the present case.

¶ 16     The parties agree that only one reported decision in Illinois speaks directly to those questions: *People v. Bryant*, 369 Ill. App. 3d 54 (2006). In *Bryant*, the defendant pled guilty to first degree murder and was sentenced to 20 years in prison. *Id.* at 56. Subsequently, his case was remanded to the trial court with directions that the defendant be allowed to file a motion to withdraw his guilty plea, if the defendant so desired. *Id.* During a court appearance on remand, the trial court asked the defendant if he wanted to withdraw his guilty plea. *Id.* When the defendant's counsel answered affirmatively, the trial court stated that the motion was " 'sustained' " and that the case was " 'back on the trial call.' " *Id.* Approximately three weeks later, the State filed a motion asking the trial court to reconsider its decision to grant the defendant's motion to withdraw his guilty plea and to hold a hearing on the merits of the defendant's motion. *Id.* Defense counsel thereafter filed a written motion to withdraw the defendant's guilty plea. *Id.* Approximately five months after orally granting the defendant's motion to withdraw his guilty plea, the trial court granted the State's motion to reconsider. *Id.*

¶ 17     Thereafter, the trial court ultimately concluded that the defendant's original guilty plea was knowing and voluntary and accepted the plea. *Id.* at 57, 63. The defendant subsequently filed a second written motion to withdraw his plea, contending the plea was not voluntary. *Id.* at 57. The motion was denied after a hearing. *Id.* On appeal from that denial, the defendant argued that "the trial court improperly reconsidered its decision to vacate the guilty plea because [the defendant's] 'presumption of innocence and constitutional rights' reattached after the trial court vacated his plea" and, that, consequently "the trial court had no authority to insert him

- 5 -

back into his guilty plea." *Id.* at 58. The defendant did not challenge the merits of the trial court's decision to deny the defendant's motion to withdraw his guilty plea. *Id.*

¶ 18 The *Bryant* court first held that because the issue raised on appeal was "whether the trial court had the power to reconsider its decision to grant [the] defendant's motion to withdraw the plea," the appropriate standard of review was *de novo*. *Id.* The court noted that the purpose of a motion to reconsider is to allow the parties to bring to the trial court's attention such matters as "changes in the law, errors in the court's previous application of existing law, and newly discovered evidence not available at the time of the hearing." *Id.* at 60. The court also noted that public policy favors the correction of errors at the trial court level, which is why "a timely motion to reconsider is an appropriate method to direct the trial court's attention to a claim of error." *Id.* at 60-61. The court then turned to the holding of the Illinois Supreme Court that " '[a] court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority.' " *Id.* at 61 (quoting *People v. Mink*, 141 Ill. 2d 163, 171 (1990)). This power to reconsider exists with regard to both interlocutory judgments and final ones. *Id.* (citing *Mink*, 141 Ill. 2d at 171).

¶ 19 The *Bryant* court noted that in *Mink* (1) the defendant filed a posttrial motion challenging the sufficiency of the evidence with regard to venue; (2) the trial court granted the defendant's motion for a new trial; (3) the State filed a motion to reconsider; (4) the trial court granted the State's motion to reconsider, vacated its new trial order, and reinstated the defendant's convictions; and (5) on appeal, the defendant claimed the State could not ask the trial court to reconsider its previous order. *Id.* (citing *Mink*, 141 Ill. 2d at 170). The *Bryant* court noted that "[i]n rejecting the defendant's contentions, the supreme court noted the trial court's order granting the defendant's motion for a new trial was interlocutory in nature" and that "[w]hen the trial court set the matter for a new trial, it retained jurisdiction over the defendant and the indictment." *Id.* (citing *Mink*, 141 Ill. 2d at 171). The *Bryant* court quoted the holding of the Illinois Supreme Court that " '[s]o long as the case was pending before it, the trial court had jurisdiction to reconsider any order which had previously been entered.' " *Id.* (quoting *Mink*, 141 Ill. 2d at 171).

¶ 20 Applying the *Mink* reasoning to its own set of facts, the *Bryant* court held that "the trial court's order sustaining [the] defendant's motion to withdraw his guilty plea was interlocutory in nature" and, that, despite the fact that "the trial court placed the matter 'back on the trial call,' it retained jurisdiction over the defendant and the indictment." *Id.* The court held that none of the cases cited by the defendant therein stood "for the proposition that a defendant's presumption of innocence is violated if a trial court is allowed to reconsider an order granting a motion to withdraw a guilty plea or an order granting a new trial." *Id.* at 62. The court therefore held that "the trial court did not err in reconsidering and vacating its decision to grant [the] defendant's motion to withdraw his guilty plea." *Id.* (citing *Mink*, 141 Ill. 2d at 171).

¶ 21 Applying the reasoning from both *Bryant* and *Mink* to the facts of this case, it is clear that the trial court did not exceed its authority or infringe upon the rights of the defendant when it reconsidered its ruling that granted the defendant's motion to withdraw his guilty plea. However, the defendant argues that *Bryant* was wrongly decided and should not be followed because, according to the defendant, it mistakenly relies on *Mink*. The defendant posits that "a trial court does not have unfettered authority to reconsider and correct its own rulings in every situation." Notably, as discussed in more detail below, the defendant does not attempt to define the limits to the trial court's authority in this particular case, an omission that is unhelpful to

any effort to understand the parameters of the defendant's argument. The defendant also contends the *Bryant* court's reliance on *Mink* was flawed because "a withdrawal of a vacated guilty plea is fundamentally different from a withdrawal of a trial court's decision to grant a new trial" because a defendant who had a jury trial "was afforded all of [the defendant's] constitutional rights," whereas a defendant who pleads guilty waives some of those rights, such as the right to confront the witnesses against the defendant. This argument, of course, ignores the fact that a defendant who enters into a fully negotiated guilty plea receives benefits—often quite substantial and tangible ones—for waiving those rights. Indeed, in this case the benefits afforded to the defendant in exchange for waiving some of his rights included the removal of a potential firearm enhancement and the imposition of a sentence of 25 years—rather than potentially much longer—in prison. The defendant further claims that a defendant such as the defendant in *Mink* might be able to raise some issues on appeal that a defendant who pleads guilty cannot. However, the defendant points to no issues he has been foreclosed from raising on appeal in this case, a fact that clearly undermines his hypothetical argument with regard to the application of *Bryant* and *Mink* to his case.

¶ 22      In short, none of the contentions raised by the defendant with regard to *Bryant* and *Mink* change the fundamental fact that the trial court in this case had—as all trial courts do, as long as they retain jurisdiction over a ruling—the inherent authority to reconsider and correct its ruling in this case, and we can discern no abuse in the trial court's actions in this case. However, as noted above, the defendant also raises arguments not raised or addressed in *Bryant* or *Mink* when he invokes Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) and in his reply brief belatedly invokes Illinois Supreme Court Rule 605(c)(3) (eff. Oct. 1, 2001) for the first time. As the defendant points out, Rule 604(d) states that if a motion to withdraw a guilty plea is allowed, then "the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). As the defendant also points out, Rule 605(c)(3) states that at the time a trial court imposes sentence after entering a judgment on a negotiated plea of guilty, a defendant must be advised that if a motion to withdraw a guilty plea is allowed, then "the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made." Ill. S. Ct. R. 605(c)(3) (eff. Oct. 1, 2001).

¶ 23      However, the defendant puts forth no argument with regard to what kind of time frames these rules contemplate for the actions they require once a motion to withdraw a guilty plea has been granted and offers no suggestions of his own for what a reasonable time frame for each rule's requirements might be, in light of the undeniable inherent authority of a trial court to reconsider or correct a ruling. Failure to develop his argument notwithstanding, the defendant nevertheless urges this court to find that those time frames—whatever they are—have been violated in this case. Although the defendant does not so state explicitly, one could presume that implicit in the defendant's request, in his reply brief, that this court "hold that once a trial court grants a timely[ ]filed motion to withdraw guilty plea, a defendant's fundamental constitutional rights reattach and the trial court cannot reconsider that decision" is the assertion that the requirements of Rules 604(d) and 605(c)(3) vest contemporaneously with the granting of the motion and that, as a consequence, whereas a trial court normally has the inherent authority to reconsider or correct a ruling, in the special circumstance of granting a motion to withdraw a guilty plea, the trial court possesses no such authority and must immediately take the actions required by the rules. To us, this seems to be an extreme

proposition, inconsistent with the holding of the Illinois Supreme Court that "[a] court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority." *Mink*, 141 Ill. 2d at 171. Surely, if a trial court's inherent authority to reconsider or correct a ruling were to be rescinded or invalidated in the case of a ruling granting a motion to withdraw a guilty plea, the Illinois Supreme Court would have so indicated, explicitly, when originally promulgating, or later revising, Rules 604(d) and 605(c)(3). The court has not done so, and we decline to rewrite the rules in the manner desired by the defendant.

¶ 24 Of additional relevance to the question of reasonable time frames, we note as well that the defendant puts forward no argument with regard to whether—and if so, to what extent—the defendant was required to take affirmative action, in the trial court, to pursue an immediate opportunity to plead anew or immediately proceed to trial in accordance with the requirements of Rules 604(d) and 605(c)(3). As noted above, on November 20, 2015, the defendant filed his timely *pro se* motion to withdraw his guilty plea. Therein, he contended his plea counsel was ineffective and that he was coerced into accepting the guilty plea. He requested that a hearing be held on the motion to withdraw, although he did not specifically request that he be allowed to withdraw his plea. He also did not request anywhere in his *pro se* motion that he be allowed to plead anew or to proceed to trial. In fact, construing the record extremely liberally in the defendant's favor, his first request for either such remedy came only after the State had already filed its motion asking the trial court to reconsider its ruling granting the defendant's motion, when the defendant's attorney included in his July 15, 2016, response to the State's motion to reconsider the following: a defendant "presumed innocent must either voluntarily enter a plea change or be given trial." Again construing the record extremely liberally in the defendant's favor, one could argue that a second request—this one perhaps closer to a demand—for such a remedy can be found in the defendant's February 22, 2017, new motion to withdraw his guilty plea, also filed by counsel, in which counsel stated that the defendant had "a defense worthy of consideration and wants to proceed to a trial." Moreover, neither party puts forward any argument with regard to what significance, if any, should attach to the fact that on September 20, 2016, the trial court entered an order in which it stated that because it had, four days before, set aside its order that granted the defendant's motion to withdraw his guilty plea, "the sentence of [October 28, 2015,] is reinstated—said sentence is stayed until further order; [d]efendant to remain in the custody of the St. Clair [C]ounty jail."

¶ 25 In addition to the foregoing, the defendant has not put forward a coherent argument that he has been harmed in any way by the proceedings in the trial court. Certainly, had it been determined, following litigation on the merits of the defendant's motion to withdraw his guilty plea, that he was entitled to withdraw the plea and had the trial court nevertheless refused to allow him to do so, he clearly could demonstrate a violation of his rights that this court would be compelled to rectify. But in this case, the full litigation of the merits of the defendant's motion led the trial court to the conclusion that the allegations in the defendant's motion were baseless, and the defendant has not challenged that conclusion on appeal. Thus, the defendant in this case is attempting to invoke a remedy to which he—since the moment he entered into his knowing and voluntary guilty plea—has never been entitled. In essence, he asks this court to view the trial court's mistaken, temporary granting of his motion to withdraw his guilty plea as a windfall to him that somehow erases the irrefutable fact that when given the full opportunity, he attempted and failed, with his unconvincing testimony, to demonstrate that the

motion should have been granted. We are aware of no legal basis in our state's voluminous jurisprudence for the view put forward by the defendant (the defendant certainly has not cited any), and we do not believe the law requires such a result.

## III. CONCLUSION

For the foregoing reasons, we affirm the defendant's conviction and sentence.

Affirmed.