NOTICE

Decision filed 03/01/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 220041-U

NO. 5-22-0041

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-CF-55 |
| | ) | |
| JOHN L. HARRIS JR., | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant's postconviction petition raised issues that were decided on direct appeal and the one arguably new issue clearly lacked merit, the circuit court did not err in summarily dismissing it, and since any argument to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, John L. Harris Jr., appeals the circuit court's order summarily dismissing his postconviction petition. Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that no reasonably meritorious argument exists that the court erred. It has filed a motion to withdraw as counsel together with a supporting memorandum (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Counsel notified defendant of its motion and this court provided him with an opportunity to file a response, but he has not done so. After reviewing the record and considering OSAD's motion and supporting memorandum, we agree that this

1

appeal presents no reasonably meritorious issues. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      Defendant pleaded guilty to first degree murder in exchange for a 25-year sentence. He later filed a *pro se* motion to withdraw the plea alleging that plea counsel was ineffective and he had been coerced into accepting the plea offer.

¶ 5      The circuit court conducted a preliminary *Krankel* hearing (see *People v. Krankel*, 102 Ill. 2d 181 (1984)), following which it stated that it would take the matter under advisement. The court subsequently granted defendant's motion. The State timely moved to reconsider, arguing that the court's ruling was premature because the State was not allowed to participate in the *Krankel* hearing. Thus, the State had never had input on defendant's motion.

¶ 6      The court appointed defendant new counsel, but granted the State's motion, finding that its initial ruling vacating the guilty plea was premature. Counsel filed a new motion to withdraw the guilty plea. Following a hearing, the court found that original counsel was not ineffective and defendant's plea was knowing and voluntary. Accordingly, it denied the motion.

¶ 7      On direct appeal, defendant argued that the circuit court's reinstatement of his guilty plea violated his constitutional rights. He contended that, after the court granted his motion to withdraw the plea, his rights, including the presumption of innocence, "reattached," so that the court could not unilaterally reinstate his guilty plea. We rejected this contention, holding that the circuit court had the authority to reconsider its interlocutory ruling. *People v. Harris*, 2020 IL App (5th) 170158, ¶ 21 (citing *People v. Mink*, 141 Ill. 2d 163 (1990), and *People v. Bryant*, 369 Ill. App. 3d 54 (2006)). We further held that defendant was not prejudiced by the reinstatement of his guilty plea given that the circuit court ultimately heard his motion to withdraw on the merits and found

his claims to be baseless. Defendant was thus seeking a windfall based on the circuit court's admittedly premature granting of his motion to withdraw. *Id.* ¶ 25.

¶ 8    Defendant then filed a postconviction petition in which he again argued that the reinstatement of his guilty plea violated his constitutional rights. He insisted that the issue was not *res judicata* because "of the Constitutional magnitude, and because this argument has never been argued in this manner" and because "there was a simple misapprehension of the facts of law [*sic*]." Defendant also raised an arguably new claim that there was "collaboration" between the trial court, defense counsel, and the prosecutor, which allowed the court to grant the State's motion to reconsider. Finally, defendant asserted that he was raising an actual-innocence claim.

¶ 9    Within 90 days, the circuit court summarily dismissed defendant's petition, finding that it was barred by *res judicata*. Defendant timely appeals.

¶ 10                                ANALYSIS

¶ 11    OSAD concludes that there is no reasonably meritorious argument that the circuit court erred by dismissing defendant's petition. OSAD contends that the petition's primary argument was substantively identical to that we rejected on direct appeal. OSAD further concludes that, although the circuit court did not directly address defendant's arguably new argument, any error was harmless as it clearly lacked merit. Finally, OSAD concludes that there is no good-faith argument that the circuit court's dismissal of the petition was procedurally infirm. We agree.

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). Initially, a circuit court may summarily dismiss a petition if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). Issues that are "frivolous or patently

3

without merit" include those that are barred by *res judicata*. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005).

¶ 13 Proceedings under the Act are collateral. *People v. Edwards*, 2012 IL 111711, ¶ 21. As a result, issues that were decided on direct appeal or in previous collateral proceedings are barred by *res judicata* (*People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)), and issues that could have been raised earlier, but were not, are forfeited (*Blair*, 215 Ill. 2d at 443-44).

¶ 14 Here, the primary issue raised in defendant's postconviction petition was the same one raised on direct appeal: that the reinstatement of his guilty plea violated his constitutional rights. Thus, it was barred by *res judicata*.

¶ 15 Defendant argued in the petition that *res judicata* did not apply because the claim had not been "argued in this manner" before. However, he cannot avoid the bar of *res judicata* merely by rephrasing his argument. *People v. Barrow*, 195 Ill. 2d 506, 522 (2001) ("mere change in phraseology" does not warrant reconsideration of previously decided issues).

¶ 16 "The preclusion doctrines of *res judicata*, collateral estoppel, and law of the case prevent a defendant from taking two bites out of the same appellate apple and avoid piecemeal postconviction litigation." (Internal quotation marks omitted.) *People v. Ortiz*, 235 Ill. 2d 319, 332 (2009).

> " '[T]he Post-Conviction Hearing Act was not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full review of the issues raised ***. This is so, even though the present petition attempts to change the character of the questions previously advanced and decided, by describing them in different constitutional terms.' " *People v. Emerson*, 153 Ill. 2d 100, 106 (1992) (quoting *People v. Cox*, 34 Ill. 2d 66, 67-68 (1966)).

¶ 17 Defendant further argued that *res judicata* should not apply because of the "constitutional magnitude" of the issues. However, petitions under the Act are limited to constitutional issues. 725 ILCS 5/122-1(a) (West 2020). Thus, every postconviction petition raises issues of "constitutional magnitude," but *res judicata* clearly applies to postconviction petitions. *Ortiz*, 235 Ill. 2d at 332.

¶ 18 Defendant also contended that he had raised a claim of actual innocence. To raise a colorable claim of actual innocence, a petitioner must show that the new evidence: (1) was not available at the original trial and could not have been discovered sooner through due diligence, (2) is material and noncumulative, and (3) is of such conclusive character that it would probably change the result on retrial. *Edwards*, 2012 IL 111711, ¶ 32. Defendant's petition included no admissible evidence—such as eyewitness statements—tending to prove that he did not commit the crime. Rather, it is clear from the petition that his "actual innocence" claim refers to his claim that the circuit court lacked the constitutional authority to reinstate his guilty plea. A procedural error in vacating his guilty plea hardly proves that defendant was innocent. *Res judicata* applies even to actual innocence claims unless the defendant presents new evidence in support. See *Ortiz*, 235 Ill. 2d at 332-33.

¶ 19 OSAD notes that the petition at least arguably raised a "new" claim: that there was "collaboration" between defense counsel, the trial court, and the State. Defendant alleged that defense counsel was ineffective for filing "a second frivolous motion to withdraw guilty plea" which allowed the circuit court to "rule in favor of the motion to reconsider."

¶ 20 To the extent we can follow this argument, it is without merit. Defendant filed a *pro se* motion to withdraw his plea, in part due to his belief that his original trial counsel was ineffective. As a result, the circuit court appointed new counsel who filed an amended motion to withdraw the

plea that largely adopted defendant's *pro se* allegations. We fail to see how new counsel was ineffective for doing what defendant wanted, or how this represented collusion with the State. Moreover, the trial court had *already* granted the State's motion to reconsider before new counsel filed the amended motion.

¶ 21 Defendant attached to the petition several pages of transcript which he claims evidence collusion between the prosecutor, the trial court, and defense counsel. These pages primarily contain a lengthy exchange in which the court sought to ascertain defense counsel's arguments for allowing withdrawal of the plea. We fail to see how this occasionally contentious exchange—in which the prosecutor barely participated—as evidencing collusion between those three entities.

¶ 22 Finally, OSAD concludes that the dismissal was procedurally proper. The Act provides that a summary dismissal must occur within 90 days of the petition's filing. 725 ILCS 5/122-2.1(a) (West 2020). Here, the petition was file-stamped by the circuit clerk on December 15, 2021, and the court dismissed it on December 28, 2021, well within the 90-day limit. Nothing in the record shows that the State participated in this process (see *People v. Boclair*, 202 Ill. 2d 89, 99 (2002) (State may not raise arguments against petition at summary review stage)), and the circuit court entered a written order explaining the basis for the dismissal. See 725 ILCS 5/122-2.1(a)(2) (West 2020). Thus, there is no question that the dismissal was procedurally proper.

¶ 23                                          CONCLUSION

¶ 24 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 25 Motion granted; judgment affirmed.